# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GAREY E. LINDSAY, Regional Director of the Ninth Region of the National Labor Relations Board, For and On Behalf of the NATIONAL LABOR RELATIONS BOARD,
Petitioner,

vs.

DONALD RUTHERFORD, AN INDIVIDUAL,
Respondent

Case No. 1:18-mc-0035
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner National Labor Relations Board (Board) seeks enforcement of a subpoena *ad testificandum*, directed to Respondent, requiring Respondent to appear and provide a sworn affidavit in connection with an unfair labor practice investigation currently pending before the Board.

This matter is before the Court for a Report and Recommendation and Certification of Facts to the District Court regarding Respondent's failure to appear before the undersigned magistrate judge for a show cause hearing on why he should not be held in contempt of court for his failure to appear at a previously scheduled hearing in this matter.

For the reasons that follow, it is recommended that a show cause order be issued to respondent Donald Rutherford to appear before the district judge on a date certain and show cause why he should not be held in contempt of this Court.

## I. MAGISTRATE JUDGE'S AUTHORITY ON MOTION FOR CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1). That section provides that a "magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the

appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." In civil cases where the parties have not consented to final judgment by the magistrate judge, contempt is governed by Section 636(e)(6)(B):

> (6) Certification of other contempts to the district court.--Upon the commission of any such act--
>
> . . . .
>
>     (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--
>
> > (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
> >
> > (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> >
> > (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

"The magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Lykins Oil Co. v. Hoskins Oil Co., LLC*, No. 1:14-cv-832, 2017 WL 1180932, at *1 (S.D. Ohio Mar. 29, 2017) (Report and Recommendation), *adopted*, 2017 WL 2160518 (S.D. Ohio May 17, 2017) (and cases cited therein). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt."

*Telebrands Corp. v. Marc Glassman, Inc.*, No. 3:09-cv-734, 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (quoting *Church v. Steller*, 35 F. Supp.2d 215, 217 (N.D. N.Y. 1999)).

## II. CERTIFIED FACTS

The following facts are certified to the district court: On October 31, 2018, the National Labor Relations Board (Board) caused to be issued a subpoena *ad testificandum*, directed to Respondent, requiring Respondent to appear and provide a sworn affidavit on November 9, 2018, in Cincinnati, Ohio in connection with an unfair labor practice investigation currently pending before the Board. The Board process began when an unfair labor practice charge was filed in Case 9-CA-226011 alleging that PAX Corrugated Products, Inc. (the Employer) maintained unlawful work rules, conducted an unlawful interrogation of employees about their protected concerted activity, and discharged an employee for engaging in protected concerted activity in violation of Section 8(a)(1) and (3) of the National Labor Relations Act. The Employer is a manufacturing company with a facility located in Lebanon, Ohio. (Doc. 1, Ex. A). Said subpoena *ad testificandum* was issued under the authority of the Board and in the manner and form provided for in Section 11(1) of the Act and Section 102.31(a) of the Rules. (Doc. 1, Ex. C). The subpoena *ad testificandum* was mailed by certified mail via the United States Postal Service (USPS). A cover letter was enclosed with the subpoena inviting Respondent to contact the Board agent and make alternative arrangements if the time and location listed on the subpoena to provide the affidavit was inconvenient. (Doc. 1, Ex. B). An individual by the name of Jennifer Rutherford signed for the subpoena (sent via USPS certified mail) acknowledging receipt on November 1, 2018. Respondent telephoned the Board agent the following day acknowledging receipt of the subpoena and refusing to comply with it. In

3

addition, Respondent failed to appear and provide an affidavit on November 9, 2018, as required by the subpoena.

On November 30, 2018, the Board filed an application with this Court for an order requiring obedience to the subpoena *ad testificandum* properly served on Respondent. (Doc. 1).

On December 6, 2018, Respondent was ordered to appear in Court on January 14, 2019 at 9:30 a.m. to show cause why an order of this Court should not issue directing Respondent to attend and give testimony at such time and place as the Board may determine, as directed by the subpoena *ad testificandum* served on Respondent in connection with the proceeding in Case 9-CA-226011, now pending before the Board pursuant to Section 10 of the National Labor Relations Act, as amended (29 U.S.C. § 160). (Doc. 2). Service of the Show Cause Order was effected by certified mail on December 14, 2018. (Doc. 5). However, Respondent failed to appear for the show cause hearing on January 14, 2019.

On January 14, 2019, Respondent was ordered to show cause why he should not be held in contempt of court for failing to appear for the January 14, 2019 hearing. (Doc. 4). The show cause hearing was scheduled before the undersigned magistrate judge on Tuesday, February 20, 2019 at 9:00 a.m. in Courtroom 708, U.S. Courthouse Building, 100 E. Fifth Street, Cincinnati, Ohio 45202. (*Id.*). Respondent was warned that failure to appear for the show cause hearing as ordered may result in contempt proceedings before the district judge and a warrant being issued for his arrest. (*Id.*). Service of the Show Cause Order and notice of hearing was attempted by regular and certified mail and personal service. The certified mail was returned undeliverable by the USPS as "unclaimed." (Doc. 6). Regular mail service was not returned as undeliverable. Attorney for the Board, Erik Brinker, Esq., stated he attempted to personally

4

serve Respondent on January 25, 2019 at Respondent's last known address. An individual who was over 18 years of age answered the door and was asked whether she would accept service on Respondent. The individual stated that Respondent was not living there and shut the door without accepting service. On February 15, 2019, another Board agent attempted personal service of the Show Cause Order on Respondent at his last know address and was met with the same response. Mr. Brinker stated in open court that a search of open record data- bases indicates that Respondent's last know address is the one at which service has been attempted. In addition, he stated that he telephoned Respondent on the morning of the show cause hearing, February 20, 2019. Respondent answered the telephone but then hung up the phone once Mr. Brinker identified himself. Respondent failed to appear at the February 20, 2019 hearing, failed to notify the Court that he would not be present, and failed to seek a continuance or otherwise object. (Doc. 7). Thus, it appears that Respondent is actively avoiding compliance with the subpoena and this Court's orders.

### III. ANALYSIS

Disobedience of a lawful court order may be punishable as contempt. *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998). The contempt power of the court "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). In a contempt proceeding, the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007); *Gary's Elec. Serv. Co.*, 340 F.3d at 379. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend

5

by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a respondent must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must consider whether the respondent "took all reasonable steps within his power to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quotation omitted).

In the instant case, Respondent's failure to appear before the Court after being ordered to do so by the undersigned magistrate judge constitutes disobedience of lawful court orders and thus contempt before the magistrate judge. *See United States v. Ivie*, No. 05-2314, 2005 WL 1759727, at *2 (W.D. Tenn. June 14, 2005) ("Contempts committed in 'a proceeding before a magistrate judge' include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge.") (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 901 n. 17 & 902 n. 19 (3rd Cir. 1992)).

Accordingly, it is recommended that the district judge issue a show cause order to Respondent to appear at a date certain before the district judge to show cause during a hearing why he should not be held in contempt of court for failing to obey the Court's February 20, 2019 Show Cause Order.

## IV. CONCLUSION

It is hereby **RECOMMENDED** that the district judge issue a show cause order to Respondent Donald Rutherford to appear at a date certain before the district judge to show cause during a hearing why he should not be held in contempt of court for failing to obey the Court's February 20, 2019 Show Cause Order.

The Clerk of Court is hereby **DIRECTED** to issue this Report and Recommendation via **regular and certified mail** to Respondent.

Date: 2/20/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GAREY E. LINDSAY, Regional Director of the Ninth
Region of the National Labor Relations Board, For
and On Behalf of the NATIONAL LABOR
RELATIONS BOARD,
    Petitioner,

vs.

DONALD RUTHERFORD, AN INDIVIDUAL,
    Respondent.

Case No. 1:18-mc-0035
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X          ☑ Agent    ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Donald Rutherford<br>389 E. Pike St.<br>South Lebanon, Ohio<br>                45065 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>   ☑ Certified Mail    ☐ Express Mail<br>   ☐ Registered       ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail      ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7011 3500 0001 5345 7103 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540